IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL NO.4:04-CR-138-Y(3) |
| | § | (CIVIL NO.4:05-CV-662-Y) |
| LAVORICE DONDRELL CUNNINGHAM | § | |

<u>ORDER RESOLVING MOTION FOR RELIEF UNDER 28 U.S.C. § 2255</u>

Now pending before the Court is defendant Lavorice Dondrell Cunningham's motion seeking relief under 28 U.S.C. § 2255, along with a memorandum of law in support. The government filed a response to the motion, along with an appendix, including an affidavit of Warren St. John, a copy of the plea agreement, and a copy of the notice of right to appeal. After careful consideration and review of defendant Cunningham's motion under § 2255, the government's response, the applicable law, and after an examination of the file and record of this case, the Court concludes that the motion must be denied for the reasons stated by the government and as set forth here.

Cunningham seeks relief under 28 U.S.C. § 2255 on three grounds: (1) the government breached the plea agreement; (2) the government engaged in prosecutorial misconduct; and (3) counsel was ineffective in: (a) misrepresenting the consequences of the plea agreement as to the amount of drugs for which he would be held accountable; and in failing to (b) research the guidelines; (c) conduct a pre-trial investigation and file any pre-trial motions; (d) move to dismiss the indictment; (f) obtain the grand jury

transcripts; (g) conduct a pre-trial investigation into the law and the facts; (h) sufficiently object to inaccuracies in the PSR; (i) contest the government's breach of the plea agreement; and (j) file a notice of appeal.

With regard to Cunningham's first two grounds, that the government breached the plea agreement and engaged in prosecutorial misconduct, the Court concludes that such claim are procedurally barred from this Court's review under § 2255.[1] The Supreme Court has emphasized repeatedly that a "collateral challenge may not do service for an appeal."[2] As the Court of Appeals for the Fifth Circuit has observed:

> After conviction and exhaustion or waiver of any right to appeal, "we are entitled to presume that [the defendant] stands fairly and finally convicted." [*Frady*] at 164. A defendant can challenge his conviction after it is presumed final only on issues of constitutional or jurisdictional magnitude, *Hill v. United States*, 368 U.S. 424, 428(1962), and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default, and "actual prejudice"

---

[1]The plea agreement signed by Cunningham includes a waiver of his rights to contest his conviction and sentence "in any collateral proceeding, including rights under 28 U.S.C. § 2241 and 28 U.S.C. § 2255." (Plea Agreement at 4, ¶ 11.) As the government did not assert that the waiver barred any of Cunningham's claims, the Court does not reach the effect of such waiver in ruling on Cunningham's § 2255 motion. *Cf. United States v. Del Torro-Alejandro,* 489 F.3d 721, 722 (5ᵗʰ Cir. 2007)(holding that district court could enforce the terms of a waiver of right to pursue collateral relief in dismissing a § 2255 motion *sua sponte* prior to government answer, but acknowledging that if government answers and fails to invoke such a waiver, it forgoes such contractual right).

[2]*United States v. Frady*, 456 U.S. 152, 165 (1982).

resulting from the error. *Frady*, 456 U.S. at 168. This cause and actual prejudice standard presents "a significantly higher hurdle" than the "plain error" standard that we apply on direct appeal. *Id.* at 166. We apply this rigorous standard in order to ensure that final judgments command respect and that their binding effect does not last only until "the next in a series of endless postconviction collateral attacks." *Id.* at 165-66. A defendant must meet this cause and actual prejudice test even when he alleges a fundamental constitutional error.[3]

Cunningham has shown no reason for his failure to raise these claims before this Court or through a direct appeal from this Court's imposition of sentence. Thus, he has not shown cause for his procedural default, and his first and second claims are barred from review in this collateral proceeding.[4]

The now-familiar two-pronged standard for review of claims of ineffective assistance of counsel was set forth by the Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984):

First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death

---

[3]*United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991), *cert. den'd,* 502 U.S. 1076 (1992).

[4]Alternatively, grounds one and two are denied on their merits for the reasons stated in the government's response at section II pages 3-5.

sentence resulted from a breakdown in the adversary process that renders the result unreliable.[5]

The burden is upon the defendant to show that his counsel's representation fell below an objective standard of reasonableness by identifying acts or omissions of counsel "that are alleged not to have been the result of reasonable professional judgment."[6] A district court then determines whether, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance."[7] There is a strong presumption that the performance of counsel "falls within the wide range of reasonable professional assistance."[8] A defendant must also affirmatively prove prejudice by showing that a particular error of counsel actually had an adverse effect on the defense, an adverse effect being shown, in turn, by demonstrating a "reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different."[9]

The Court has reviewed Cunningham's claims of ineffective assistance of counsel, and concludes that he has not shown that

---

[5]*Strickland,* 466 U.S. at 687.

[6]*Id.* at 690.

[7]*Id.*

[8]*United States v. Samuels,* 59 F.3d 526, 529 (5th Cir. 1995); *see also King v. Lynaugh,* 868 F.2d 1400, 1405 (5th Cir.), *cert den'd,* 489 U.S. 1093 (1989).

[9]*Strickland,* at 694 (general discussion at pp. 691-695).

counsel's conduct was deficient, nor has he shown a reasonable probability that the outcome of the proceedings would be different, for the reasons stated in the government's response at section III pages 6-13.

The Court addresses further Cunningham's claim that counsel was ineffective for failing to file a notice of appeal. In *Roe v. Flores-Ortega*,[10] the Supreme Court applied the *Strickland* deficiency-and-prejudice test to the context of a claim of ineffectiveness on the basis of an alleged failure to file a notice of appeal. The deficiency inquiry involves a determination of whether

> [C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.[11]

Cunningham waived his rights to a direct appeal except to challenge "(i) a sentence exceeding the statutory maximum punishment, (ii) an upward departure from the guideline range deemed applicable by the district court, or (iii) an arithmetic error at sentencing, and (b) a claim of ineffective assistance of counsel." As none of the first three grounds were available to Cunningham, and as Cunningham declared in the pea agreement that he had "thoroughly reviewed all legal and factual aspects of this case with his lawyer and [was] fully satisfied with that lawyer's legal representation," there is

---

[10]528 U.S. 470 (2000).

[11]*Flores-Ortega,* 528 U.S. at 480.

no reason to believe a rational defendant would want to appeal.

But did Cunningham demonstrate that he was interested in appealing? Although Cunningham makes the allegation that counsel did not discuss the option of an appeal, and did not "completely explain the purpose of the 'Notice of Right to Appeal,' he acknowledges that counsel did explain his waiver of appellate rights, and he acknowledges that he signed such notice of right to appeal. Under the *Flores-Ortega* framework, Cunningham's conclusory allegations do not support a finding that counsel was deficient.

Even assuming that Cunningham's allegations are sufficient to demonstrate that counsel was deficient, to show prejudice in such circumstances, "a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed."[12] The Court, in *Flores-Ortega,* explained that counsel must "actually cause the forfeiture of the appeal."[13] Although Cunningham argues in an unsworn memorandum that counsel "failed to discuss" appeal options, and "failed to completely explain the Notice of Right to Appeal," he does not otherwise state any facts to support this allegation, or to show that he would have timely appealed. Cunningham does not state that he asked counsel to appeal, and counsel swore that Cunningham did not express a desire to appeal

---

[12]*Flores-Ortega,* 528 U.S. at 484.

[13]*Id.,* 528 U.S. at 484 ("If the defendant cannot demonstrate that, but for counsel's deficient performance, he would have appealed, counsel's deficient performance has not deprived him of anything, and he is not entitled to relief.")

and never instructed him to file an appeal.  Cunningham, however, did sign the Notice of Right to Appeal. In that document, he acknowledged that, should he desire to appeal, his notice of appeal had to be filed within ten days of the entry of judgment. In spite of this record of Cunningham's awareness of the time to appeal, Cunningham makes no specific factual allegation that he attempted to contact counsel or the Court, or that he took any other action to pursue an appeal. He has provided nothing more than conclusory allegations, which are not sufficient to make out a claim.[14] Cunningham has not set forth facts to satisfy the applicable prejudice standard. As such, his claim of ineffective assistance for failure to file a notice of appeal fails.

For all of the above and foregoing reasons, Lavorice Dondrell Cunningham's motion for relief under 28 U.S.C. § 2255 [docket no. 389] is DENIED.

Cunningham's motion to expedite a response [docket no. 399] is DENIED as moot.

SIGNED October 10, 2007.


_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[14]*Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000)("This Court has made clear that conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding"), *citing Ross v. Estelle,* 694 F.2d 1008, 1012 (5th Cir. 1983).